**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**STATESBORO DIVISION**

| | | |
|---|---|---|
| TELLAS LEVALLAS KENNEDY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV615-116 |
| | ) | CR612-018 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Convicted of conspiracy to distribute a controlled substance, Tellas Kennedy moves under 28 U.S.C. § 2255 to vacate his sentence and guilty plea. Doc. 1160.[1] Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied.

Kennedy first pleads ineffective assistance of counsel ("IAC"), arguing that his attorney[2] shouldn't have allowed him to enter an "unknowing guilty plea." Doc. 1160 at 5. Counsel, he says, "failed to

---

[1] All citations are to the criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2] Kennedy, employed prior to his arrest as a mechanic making $26.50 per hour (doc. 1089 at 8), retained attorney Joseph Phelps to represent him. *Id.* at 13; doc. 1160 at 11.

explain the full consequences of the plea agreement waiver such as foreclosing retroactively applicable Supreme Court rules from applying, etc." *Id.*

Next, Kennedy alleges that "[t]rial counsel failed to introduce evidence at sentencing which would have likely lowered the sentence," namely "witnesses who would have established that he was simply a buyer [but] not part of any conspiracy." Doc. 1160 at 6. Ground three sees the prosecutor come in for criticism, in particular her pattern of "permit[ing] agents to introduce evidence that was either unreliable or fabricated in order to increase the drug quantity." *Id.* at 8. Finally, Kennedy claims that "a retroactive [Sentencing] Guidelines Amendment shows [that his] sentence is contrary to U.S. law." *Id.* at 9.

Grounds 2-4 fall because of § 2255's heightened pleading standards. Under those, Kennedy's "allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (applying a heightened pleading requirement in habeas cases and noting that "[t]he evidence supporting an [IAC] claim is available following the

conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition."); *Gerwald v. United States*, 2014 WL 1681506 at * 3 n. 5 (S.D.Ga. Apr. 28, 2014). Thus, § 2255 petitioners:

> cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) "(no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations)." *Jeffcoat v. Brown*, 2014 WL 1319369 at * 8 (S.D. Ga. Mar. 27, 2014); *Bartley v. United States*, 2013 WL 6234694 at * 2–3 (S.D. Ga. Dec. 2, 2013) (§ 2255 claims bereft of argument and citation to the record may be denied on pleading-deficiency grounds alone); *see also Johnson v. Razdan*, [564 F. App'x 481, 484 (11th Cir. 2014)] ("Although pro se briefs are to be construed liberally, a pro se litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.").

*Robinson v. United States*, 2015 WL 9467508 at * 2 (S.D. Ga. Nov. 16, 2015) (quoting *Riggs v. Warden, Ware State Prison*, 2015 WL 2342056 at * 3 n. 7 (S.D. Ga. May 13, 2015)).

Grounds 2-4 come nowhere near satisfying that standard here because all three contain nothing but legal conclusions without factual support. Ground 2, for example, alleges that Phelps failed to call exculpatory witnesses, but Kennedy never even mentions who those

3

witnesses are. Ground 3 similarly doesn't mention what drug quantity evidence agents allegedly fabricated, even though Kennedy certainly knows what testimony or evidence he contends is false. Capping off the parade of conclusions, Ground 4 fails to even list the Guidelines amendment Kennedy contends makes his sentence "contrary to U.S. law" (nevermind that the Guidelines are advisory only).

As noted above, it isn't the Court's responsibility to discover facts and develop claims for Kennedy.

> [A]ll of these principles of law would mean nothing if district courts were required to mine the record, prospecting for facts that the habeas petitioner overlooked and could have, but did not, bring to the surface in his petition. Making district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts. With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him. *Cf. Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1481 n. 12 (11th Cir. 1997) (noting in a civil case that, absent plain error, "it is not our place as an appellate court to second guess the litigants before us and grant them relief ... based on facts they did not relate."); *Johnson v. City of Fort Lauderdale*, 126 F.3d 1372, 1373 (11th Cir. 1997) ("[W]e are not obligated to cull the record ourselves in search of facts not included in the statements of fact."). The Seventh Circuit memorably said that appellate judges "are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

*Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011).

Kennedy's IAC claim (the only one not so conclusory that it fails outright) contains some facts (*i.e.*, Phelps allegedly failed to explain the appeal waiver in his plea agreement), but nevertheless dies because it stands diametrically opposed to his sworn plea hearing statements. "[A] prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea. . . . [Consequently,] the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting *Blackledge v. Allison*, 431 U.S. 63, 71-74 (1977)). Indeed, if the record includes a plea hearing transcript, a § 2255 movant will be entitled to an evidentiary hearing "only in the most extraordinary of circumstances." *Id.*

When told by the Court that pleading guilty would eliminate his "right to complain on appeal about what has occurred in this case . . . [including] the way that [his] lawyer ha[d] dealt with [him]," Kennedy stated that he had no complaints and understood what he was giving up. Doc. 1089 at 19. He agreed with Phelps that they deliberated over and

discussed the plea agreement, that counsel investigated and interviewed witnesses to Kennedy's satisfaction, and that Phelps had not forced him to plead guilty. *Id.* at 21. When asked directly whether he was satisfied with Phelps' representation, Kennedy stated unequivocally "[yes], sir." *Id.* at 22.

After the prosecutor summarized the plea agreement for the record, including that Kennedy "waive[d] his right to appeal any sentence within the Federal Sentencing Guidelines range," he acknowledged that matched "what [he thought he] agreed to." Doc. 1089 at 30. What's more, the Court delved deep into the right to appeal, whether Kennedy understood the right, and, in particular, that Phelps "explained it to [him] that [he was] giving it up." *Id.* at 31. In the face of all that, the Court found that Kennedy knowingly and intelligently pled guilty, "understands everything," and "understands the consequences of his plea." *Id.* at 32-33.

Kennedy now says that Phelps failed to explain his appeal waiver properly. Such allegations standing alone and without any other evidence "are insufficient to mandate an evidentiary hearing in the face of a Rule 11 record detailing statements by the petitioner that his plea

6

was" adequately explained and voluntarily signed. *Winthrop-Redin*, 767 F.3d at 1217 (quoting *Matthews v. United States*, 533 F.2d 900, 902 (5th Cir.1976)). In such a situation, the Court "is entitled to discredit a defendant's newly-minted story . . . when that story is supported only by the defendant's conclusory statements." *Id.*

Faced with sworn testimony in a thorough and wide-ranging plea colloquy that he pled voluntarily and intelligently, and unsworn, self-serving testimony to the opposite effect on collateral review (when Kennedy has every incentive to embellish), *see Winthrop-Redin*, 767 F.3d at 1216, the Court finds the plea testimony far more credible. Hence, Kennedy's IAC claim, like his other three claims, must fail because "the record supports the conclusion that counsel was not ineffective." *Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007).

Accordingly, Kennedy's § 2255 motion should be **DENIED**. His motion for production of documents (doc. 1200) also is **DENIED**.[3]

---

[3] Kennedy's production motion seeks (1) "the Government's wire tap [sic] application to the attorney general;" (2) "the authorization signed by the attorney general;" and (3) the court order authorizing the wiretap. Doc. 1200 at 1. He acknowledges that the documents may be in the discovery package produced to Phelps prior to his guilty plea, and that, pursuant to his plea agreement, the Government has no obligation under the Freedom of Information Act to produce the documents. *See id.* at 2. He claims only that "the interest of justice requires this court to grant this motion . . . without cost to Mr. Tellas." *Id.*

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 7th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

Not so. A prisoner is entitled "access to the court files of his underlying criminal conviction[s] . . . only after he has made a showing that such files are necessary to the resolution of an issue or issues he has presented in a *non-frivolous* pending collateral proceeding." *Pope v. Adams*, 2015 WL 4394286 at * 2 (N.D. Ala. July 16, 2015) (quoting *Hansen v. United States*, 956 F.2d 245, 248 (11th Cir. 1992)) (emphasis added). Kennedy's § 2255 motion raises no non-frivolous issues and thus his request for documents is **DENIED**.